Jeff S. Meyer, WSB #6-4280
Jane M. France, WSB #7-4828
Sundahl, Powers, Kapp & Martin, LLC
2020 Carey Avenue, Suite 301
P.O. Box 328
Cheyenne, Wyoming 82003
(307) 632-6421 telephone
jmeyer@spkm.org
jfrance@spkm.org
*Attorneys for Bitco General Insurance Company*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2023 SEP 13  PM 4: 15

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BITCO GENERAL INSURANCE CORPORATION, ) | Case No.:   23-CV-168-ABJ |
| ) | |
| Plaintiff, ) | COMPLAINT FOR DECLARATORY |
| v. ) | JUDGMENT |
| ) | |
| WATER SYSTEM DRILLING, INC. and ) | |
| JEFFERY WOOD, an Individual, ) | |
| ) | |
| Defendants. ) | |

Plaintiff BITCO General Insurance Corporation ("BITCO General"), pursuant to 28 U.S.C. §2201, *et seq.*, by and through its undersigned counsel, and for its Complaint for Declaratory Judgment against Defendants Water System Drilling, Inc. ("WSD") and Jeffery Wood ("Wood"), alleges as follows:

## STATEMENT OF THE CASE

1.      This is an action by Plaintiff BITCO General for a declaration that BITCO General has no duty to defend or indemnify Defendant WSD, under certain insurance policies that BITCO General issued to WSD, in connection with an underlying lawsuit filed by Wood against WSD because the claims against WSD do not arise from covered "bodily injury"

resulting from an "occurrence" and because one or more policy exclusions eliminate any
potential insurance coverage.

## JURISDICTION AND VENUE

2.     BITCO General is an Iowa corporation with its principal place of business in
Iowa.

3.     Defendant WSD is a Wyoming corporation with its principal place of business in
Campbell County, Wyoming.

4.     Defendant Wood is a resident of Campbell County, Wyoming. BITCO General is
willing to dismiss Wood from this matter if Wood stipulates to be bound by the ruling of this
Court.

5.     This matter is brought pursuant to 28 U.S.C. §1332(a)(1). The amount in
controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of
interest, costs and fees, and this action is between citizens of different States.

6.     Venue lies in this forum pursuant to 28 U.S.C. §1391(b)(1) because all of the
defendants are residents of Campbell County, Wyoming.

## THE BITCO GENERAL INSURANCE POLICIES

7.     BITCO General issued a primary Commercial General Liability insurance policy
under policy no. CLP 3 704 531 B to WSD effective for the policy period beginning April 1,
2021 to April 1, 2022 (the "CGL Policy"). BITCO General also issued an Umbrella insurance
policy under policy no. CUP 2 820 382 B to WSD effective for the same policy period (the
"Umbrella Policy") (collectively, the "BITCO General Policies"). True and correct copies of the
commercial general liability parts of the BITCO General Policies are attached hereto as **Exhibit
A.**

## THE UNDERLYING LAWSUIT

8.      On or about August 11, 2023, Wood filed a lawsuit (the "Underlying Lawsuit") against WSD over WSD's alleged failure to obtain proper workers' compensation insurance that would provide coverage for alleged injuries Wood sustained while in the employment of WSD at well drilling project that WSD was operating pursuant to a contract with the City of Box Elder, South Dakota (the "Project").

9.      Wood's Complaint is in three Counts: (1) Breach of Contract, wherein Wood alleges that he is a third-party beneficiary of the contract between WSD and the City, and that he is entitled to seek damages for WSD's alleged breach of that contract; (2) titled, "Double Workers Compensation Benefits Under SDCL 62-3-11," wherein Wood alleges that he is entitled to double the amount of benefits awarded under South Dakota's workers compensation law; and (3) Negligence, wherein Wood alleges that WSD negligently failed to provide Mr. Wood with a safe place to work, resulting in his alleged injuries, and that he is entitled to bring a suit in tort despite the fact that WSD was his employer because WSD allegedly failed to comply with South Dakota's workers compensation law.  A true and correct copy of Wood's Complaint is attached hereto as **Exhibit B**.

10.      BITCO General has informed WSD that the allegations of the Underlying Lawsuit do not potentially come within the coverage afforded by the BITCO General Policies, and consequently, BITCO General has no duty to defend or indemnify WSD in connection with the Underlying Lawsuit filed by Wood.

<u>**COUNT I – DECLARATORY RELIEF –**</u>
<u>**AS TO COUNT I OF THE COMPLIANT IN THE UNDERLYING LAWSUIT**</u>

11.     BITCO General repeats and incorporates by reference herein the allegations of

Paragraphs 1 through 10 of this Complaint.

12.     The BITCO General CGL Policy contains the following insuring agreement:

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE
LIABILITY**

1.     **Insuring Agreement**

    a.     We will pay those sums that the insured becomes legally obligated
to pay as damages because of "bodily injury" or "property
damage" to which this insurance applies.  We will have the right
and duty to defend the insured against any "suit" seeking those
damages.  However, we will have no duty to defend the insured
against any "suit" seeking damages for "bodily injury" or
"property damage" to which this insurance does not apply.  We
may, at our discretion, investigate any "occurrence" and settle any
claim or "suit" that may result.  But:

                \*        \*        \*

    b.     This insurance applies to "bodily injury" and "property damage"
only if:

        (1)     The "bodily injury" or "property damage" is caused by an
"occurrence" that takes place in the "coverage territory";

        (2)     The "bodily injury" or "property damage" occurs during
the policy period;

                \*        \*        \*

See Ex. A at BITCO 00033.

13.     The BITCO General Umbrella Policy contains the following insuring agreement:

1.     **INSURING AGREEMENT**

    a.     We will pay on behalf of the insured the "ultimate net loss" in excess of
the "retained limit" because of "bodily injury" or "property damage"
caused by an "occurrence" which takes place during the policy and in the

"coverage territory." No other obligation or liability to pay or perform acts or services is covered unless explicitly provided for in SECTION II - DEFENSE AND SUPPLEMENTARY PAYMENTS - COVERAGES A and B.

See Ex. A at BITCO 00107.

14.    Both the CGL Policy and the Umbrella Policy define "occurrence" as follows:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

See Ex. A at BITCO 00047 and 00128.

15.    Both the CGL Policy and the Umbrella Policy define "bodily injury" as follows:

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

See Ex. A at BITCO 00045 and 00126.

16.    Count I of the Complaint in the Underlying Lawsuit seeks damages for breach of contract, and not damages because of "bodily injury" caused by an "occurrence" as defined in the BITCO General Policies.

17.    The BITCO General Policies exclude coverage for injury to

An "employee," … of the insured arising out of and in the course of:

(a)    Employment by the insured; or

(b)    Performing duties related to the conduct of the insured's business: or

This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

See Ex. A at BITCO 00034 and 00110.

18.    Even if Count I of the Complaint in the Underlying Lawsuit were considered to allege "bodily injury" to Wood, coverage is excluded because at the time of the incident, Wood was an employee of WSD allegedly injured in the course of his employment with WSD.

19.     For the foregoing reasons, Count I of the Complaint in the Underlying Lawsuit does not fall within the coverage afforded by the BITCO General CGL or Umbrella Policies.

WHEREFORE, Plaintiff BITCO General Insurance Corporation, respectfully requests that this Court enter a judgment:

> (a)     declaring that BITCO General has no obligation to indemnify WSD Company under the BITCO General CGL Policy or the Umbrella Policy with respect to the Underlying Lawsuit;
>
> (b)     awarding BITCO General its attorneys' fees, costs, and disbursements in prosecuting this action; and
>
> (c)     awarding all other and further relief as this Court deems just and proper.

### COUNT II – DECLARATORY RELIEF – AS TO COUNT II OF THE COMPLAINT IN THE UNDERLYING LAWSUIT

20.     BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through 19 of this Complaint.

21.     The BITCO General Policies exclude coverage for injury to:

> An "employee," ... of the insured arising out of and in the course of:
>
> > (a)     Employment by the insured; or
> >
> > (b)     Performing duties related to the conduct of the insured's business: or
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

See Ex. A at BITCO 00034 and 00110.

22.     The BITCO General Policies also exclude coverage for:

> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

See Ex. A at BITCO 00034 and 00108.

23.     Count II of the Complaint in the Underlying Lawsuit seeks to impose liability on WSD for its alleged failure to comply with South Dakota workers' compensation law.

24.     Count II of the Complaint in the Underlying Lawsuit does not allege any damages because of "bodily injury" caused by an "occurrence" as required for coverage under the BITCO General Policies.

25.     Even if Count II of the Complaint in the Underlying Lawsuit were considered to allege 'bodily injury" to Wood, coverage is excluded because at the time of the alleged incident, Wood was an employee of WSD allegedly injured in the course of his employment with WSD.

26.     Count II of the Complaint in the Underlying Lawsuit is also excluded from coverage because the BITCO General Policies do not afford coverage for any obligation of the insured under a workers' compensation law.

27.     For the foregoing reasons, Count II of the Complaint in the Underlying Lawsuit does not fall within the coverage afforded by the BITCO General CGL or Umbrella Policies.

WHEREFORE, Plaintiff BITCO General Insurance Corporation, respectfully requests that this Court enter a judgment:

(a)     declaring that BITCO General has no obligation to indemnify WSD Company under the BITCO General CGL Policy or the Umbrella Policy with respect to the Underlying Lawsuit;

(b)     awarding BITCO General its attorneys' fees, costs, and disbursements in prosecuting this action; and

(c)     awarding all other and further relief as this Court deems just and proper.

## COUNT III – DECLARATORY RELIEF –
## AS TO COUNT III OF THE COMPLAINT IN THE UNDERLYING LAWSUIT

28.     BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through 27 of this Complaint.

29. The BITCO General Policies exclude coverage for injury to:

> An "employee," ... of the insured arising out of and in the course of:
>
>> (a)    Employment by the insured; or
>>
>> (b)    Performing duties related to the conduct of the insured's business: or
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

See Ex. A at BITCO 00034 and 00110.

30. Count III of the Complaint in the Underlying Lawsuit alleges that WSD negligently breached its duty to provide Wood with a safe place to work and seeks damages for the allegedly resulting injuries to Wood.

31. Count III of the Complaint in the Underlying Lawsuit is excluded from coverage under the BITCO General Policies because at the time of the alleged incident, Wood was an employee of WSD allegedly injured in the course of his employment with WSD.

32. For the foregoing reasons, Count III of the Complaint in the Underlying Lawsuit does not fall within the coverage afforded by the BITCO General CGL or Umbrella Policies.

WHEREFORE, Plaintiff BITCO General Insurance Corporation, respectfully requests that this Court enter a judgment:

> (a)    declaring that BITCO General has no obligation to indemnify WSD Company under the BITCO General CGL Policy or the Umbrella Policy with respect to the Underlying Lawsuit;
>
> (b)    awarding BITCO General its attorneys' fees, costs, and disbursements in prosecuting this action; and
>
> (c)    awarding all other and further relief as this Court deems just and proper.

## COUNT IV – DECLARATORY RELIEF –
## IN THE ALTERNATIVE – VARIOUS POLICY PROVISIONS

33.     BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through 32 of this Complaint.

34.     In the alternative, the BITCO General CGL and Umbrella Policies do not apply to provide insurance coverage to WSD for the Underlying Lawsuit for one or more of the following reasons:

      (a) The BITCO General Policies require WSD to provide notice to BITCO General of any occurrence or claim as soon as practicable, however, the incident in question took place in October 2021, and WSD received a letter dated March 16, 2023, setting forth Mr. Wood's claim, but did not notify BITCO General of this matter until June 2023;

      (b) The GCL Policy provides coverage for medical expenses, however, the medical payments coverage does not include bodily injury to a person hired to work for an insured or for workers compensation benefits;

      (c) The CGL Policy also provides limited coverage for "bodily injury" to injured employees, but only applies to work in Wyoming, whereas the work in question took place in South Dakota;

      (d) The BITCO General Policies exclude coverage for "bodily injury" arising out of WSD's work in connection with oil or gas well drilling (1) within the corporate limits of any city or town or (2) on the right-of-way of any railroad;

(e) the WSD's claim for coverage is barred, in whole or in part, by the other

terms, conditions, exclusions, definitions, declarations, endorsements,

and/or limitations contained in the BITCO General Policies.

WHEREFORE, in the alternative, Plaintiff BITCO General Insurance Corporation,

respectfully requests that this Court enter a judgment:

(a)   declaring that BITCO General has no obligation to indemnify WSD Company under the BITCO General CGL Policy or the Umbrella Policy with respect to the Underlying Lawsuit;

(b)   awarding BITCO General its attorneys' fees, costs, and disbursements in prosecuting this action; and

(c)   awarding all other and further relief as this Court deems just and proper.

**DATED** this 13th of September 2023.

Jeff S. Meyer # 6-4280
Jane M. France #7-4828
Sundahl, Powers, Kapp & Martin, LLC
2020 Carey Avenue, Suite 301
P.O. Box 328
Cheyenne, WY 82003-0328
Telephone: (307) 632-6421
Facsimile: (307) 632-7216
jmeyer@spkm.org
jfrance@spkm.org
*Attorneys for Bitco General Insurance Company.*